This case is before the court as an accelerated appeal from a judgment of the Erie County Court of Common Pleas, which denied appellant's petition for post-conviction relief without a hearing.
On January 25, 1996, appellant was indicted for three drug offenses which allegedly occurred on October 25, 1995. On May 8, 1996, the trial court convicted appellant of a second degree felony after he entered a guilty plea to the second count of the indictment, trafficking in marijuana in violation of R.C.2925.03(A)(5). As originally indicted, the second count specified that appellant had previously been convicted of aggravated trafficking in marijuana and that the incident occurred within one thousand feet of a school. Under R.C. 2925.03(C)(5), aggravated trafficking was a second degree felony, which required actual incarceration of three years. However, the offense was elevated to a first degree felony carrying a sentence of at least five years of actual incarceration if the offender was previously convicted of a felony drug abuse offense or if the offense was committed within one thousand feet of a school. In exchange, appellee agreed to dismiss a second trafficking count under R.C.2925.03(A)(5) as well as a charge under R.C. 2925.11(A) of drug abuse. Both counts included a prior drug abuse specification. Appellee also agreed not to indict appellant for an alleged drug offense which occurred on November 4, 1995.
Appellant signed a written plea form which informed him he was eligible for probation. It also described the maximum penalty he could receive for count two as "2, 3, 4, 5 — 15 years" That term was the period set for a second degree felonies generally without regard to the enhanced penalties imposed by R.C. 2525.093 for certain drug offenses. On July 11, 1996, the trial court sentenced appellant to serve a term of four to fifteen years of incarceration.
Appellant did not appeal his conviction or sentence.
On August 5, 1996, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The document was prepared by a different attorney than the one who represented him at the plea and sentencing hearings. Appellant argued that he had received ineffective assistance of counsel because his previous attorney "advised him prior to his plea that the worst sentence that he could possibly receive would be a six month sentence in the county jail with work release."
Appellee filed a response on August 12, 1996 contending the petition should be denied without a hearing because the court could determine from the record whether appellant had received effective assistance of counsel. In particular, appellee argued that the prosecution advised appellant it would recommend a five to fifteen year sentence to the court, appellant signed a plea entry stating the possible sentence, and the trial court conducted a proper Crim.R. 11 inquiry at the time appellant entered his plea.
The trial court denied the petition for post-conviction relief on March 6, 1998. It determined that the court explained the possible penalty to appellant and appellant stated on the record that no promises or guarantees had been made to induce his plea as follows:
 "Upon consideration of Petitioner's Petition for post-conviction relief, memorandum in support thereof and the State's response and memorandum contrary thereto, said Motion is denied.
 "Upon review of the records, the Court finds that Petitioner was explained by the Court (sic) the possible penalty and also Petitioner responded to the Court that no promises or guarantees were made to him."
Appellant requested findings of fact and conclusions of law, but filed his notice of appeal two weeks later before the trial court could grant or deny his request.
Appellant now contends that the trial court erred by denying his post-conviction claim alleging that his trial counsel provided ineffective assistance of counsel and that the trial court should have conducted a hearing on his claim of ineffective assistance of counsel.
When raising a claim of ineffective assistance of counsel in a post-conviction proceeding, a petitioner who has pleaded guilty must demonstrate, by sufficient credible evidence, (1) that counsel failed to perform an essential duty and (2) prejudice by showing that, but for counsel's failure, it is reasonably probable that he would have insisted on going to trial rather than entering the plea. See State v. Xie (1992), 62 Ohio St.3d 521,524; State v. Smith (1997), 80 Ohio St.3d 89, 112, citing Strickland v. Washington (1984), 466 U.S. 668, 687. To establish the first prong, appellant must overcome the strong presumption that defense counsel's conduct is within in a wide range of reasonable professional performance. Strickland,466 U.S. at 689; see Hill v. Lockhart (1985), 474 U.S. 52, 56, 60.
The trial court indicated it relied on the Crim.R. 11 dialogue it conducted with appellant to determine that appellant's claim that his attorney misadvised him was belied by the record. However, the trial court dismissed the petition for post-conviction relief without documenting it had reviewed a certified copy of the transcript of the videotaped proceedings, let alone the videotape itself. See R.C. 2953.21(C); State v. Locke (May 24, 1996), Lucas App. No. L-95-305 (plain error to rule on post-conviction petition where record does not support trial court's statement it reviewed a transcript of plea).
This issue arises because appellee asked this court to supplement the record on appeal with the videotape and the written transcripts of the videotaped recordings of the plea and sentencing hearings after appellant indicated that no transcript would be required for appeal. App. R. 9(A). Appellee argues that the trial court's reference to a review of "the records"presumably includes reference to the videotape recording of appellant's plea and sentencing hearings. Appellee conceded that appellant had no actual knowledge as to whether the trial court actually reviewed the videotaped recording of appellant's plea and sentencing hearings. We, too, do not know whether the trial court actually reviewed the videotaped recording of appellant's plea and sentencing hearings based on the record submitted and the authority of R.C. 2953.21(C) and State v. Locke, supra. R.C.2953.21(C) requires the trial court record to demonstrate that the trial court reviewed the court reporter's transcript to evaluate whether a hearing should be granted on a post-conviction petition.
This is not a situation where appellant failed to include parts of the record on appeal where we may presume the validity of the trial court proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Instead, our review is limited because appellate courts cannot consider material or issues which we cannot determine were considered by the trial court, when it had an affirmative obligation to do so for post-conviction proceedings. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
Accordingly, both of appellant's assignments of error are well-taken to the extent that the trial court committed plain error by ruling on the petition for post-conviction relief without reviewing the transcript of the plea.
The judgment of the Erie County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this decision. Costs are assessed to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Lawrence Grey, J.
CONCUR.
Judge Lawrence Grey, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.